IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36427-5-III |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEAN ERVIN BLEVINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

KORSMO, J. — Following a bench trial, a Klickitat County judge convicted Dean

Blevins of one count of assault in the second degree. Mr. Blevins committed this assault

against his mother. On appeal, Mr. Blevins challenges several conditions of his sentence.

We remand to correct a scrivener's error in the judgment and sentence.

FACTS

In 2018, Mr. Blevins struck his mother in the head with a dog/baby gate and

punched her in the head. Mr. Blevins also broke a door at their shared residence while

trying to get at her. According to his mother, Mr. Blevins had been in his room yelling,

and she knocked on the wall and yelled for him to be quiet. It is not apparent in the

record who or what, if anything, Mr. Blevins was yelling at. But, this minimal exchange

is what triggered Mr. Blevins to assault his mother.

Law enforcement arrested Mr. Blevins not long thereafter and described him as

"mumbling and not making much sense." Notably, Mr. Blevins's statement to deputies

largely coincided with his mother's statement of what happened, and did not diverge in any material way. Law enforcement was also aware that Mr. Blevins had a history of mental illness.

Mr. Blevins continued to make nonsensical statements while incarcerated prior to trial. One such documented statement was "I put chicken biscuit by the butterfly at Walmart." During this period of pretrial confinement, Mr. Blevins was described as "being erratic, impulsive, and made threats of aggression toward other inmates," evidenced an illogical thought process, and responded to auditory hallucinations.

Shortly after charging, Mr. Blevins underwent a competency evaluation and was determined to not be competent due to schizophrenia and severe substance use disorder. During his evaluation, Mr. Blevins reported that he used methamphetamine at least weekly. Mr. Blevins's sister reported that her brother had been experiencing auditory hallucinations for a long time and that he believed them to be real. Treatment records indicated a history of severe mental illness going back to at least 2013. Following the competency evaluation, the court ordered a 90-day inpatient competency restoration treatment period. Mr. Blevins's symptoms continued during his treatment as Eastern State Hospital, but improved once he received involuntary antipsychotic medications.

Mr. Blevins was eventually restored to competency, but even after restoration he continued to exhibit symptoms of schizophrenia. He proceeded to a bench trial, where the court found him guilty. At sentencing, the court ordered Mr. Blevins to undergo a

chemical dependency evaluation and treatment, and a mental health evaluation and treatment. The court also ordered in the judgment and sentence that he not come within 100 yards of his mother's home and work place. Concurrent with entry of the judgment and sentence, the court entered a separate domestic violence no contact order prohibiting Mr. Blevins from coming within 1000 feet of his mother's home and work place. It is these conditions that Mr. Blevins challenges on appeal.

ANALYSIS

In his appeal, Mr. Blevins challenges the community custody conditions and no contact provisions described above. Before we review a claimed error, this Court first determines whether the error was preserved for review. RAP 2.5(a). Here, neither Mr. Blevins, nor his lawyer, objected to the conditions challenged on appeal. Accordingly, before we will review the merits of Mr. Blevins's arguments, we first look to whether he satisfies one of the exceptions for unpreserved errors found in RAP 2.5(a).

Recently in *Peters*, this Court explained the circumstances under which community custody conditions would be reviewed for the first time on appeal. *See generally State v. Peters*, No. 31755-2-III (Wash. Ct. App. Sept. 17, 2019) (published in part), http://www.courts.wa.gov/opinions/pdf/317552.pdf. In *Peters*, we reviewed several unpreserved vagueness challenges to community custody conditions on the grounds that such errors were constitutional in nature as contemplated by RAP 2.5(a)(3). However, we declined to review other unpreserved errors claiming conditions were not

3

crime related. *Id.* This was because challenges to a condition's crime related nature do not meet the requirements of RAP 2.5(a).

Although this Court may review non-constitutional sentencing errors raised for the first time on appeal, we typically do not do so when the error is unique to the "particular facts of the defendant's case" and the "error will not taint sentencing for similar crimes in the future." *State v. Blazina*, 182 Wn.2d 827, 834, 344 P.3d 680 (2015). No aspect of sentencing is more individual and non-transferable to other cases than whether or not a community custody condition is crime related. Accordingly, we decline to review Mr. Blevins's challenge to the crime-related nature of his community custody conditions and his argument that the court did not make the requisite findings prior to ordering these conditions.

With respect to the no contact provisions, Mr. Blevins notes that the orders are inconsistent. The order in the judgment and sentence prohibits Mr. Blevins from coming within 100 yards (900 feet) and the separate no contact order prohibits him from coming within 1000 feet.[1] The orders also contain two different spellings for Mr. Blevins's mother's name as the protected party. Although also not preserved, these identified

---

[1] The State makes an argument for why the two distance provisions are not in conflict and how a court could rationally order two different distance restrictions. But, the record at sentencing does not contain any suggestion that the court was aware it was ordering two different distance restrictions. Accordingly, we decline to review the State's argument upon this record and remand for clarification or correction.

defects appear to be scrivener's errors. We typically remand to correct scrivener's errors

because such errors may be corrected at any time upon identification. CrR 7.8(a).

## CONCLUSION

The sentence is affirmed and the case is remanded to the superior court to correct

any scrivener's errors. If the distance restrictions do not contain a scrivener's error, the

lower court is directed to clarify its sentence. At which point, if Mr. Blevins still objects

to the clarified distance restrictions, he may file a new notice of appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.